IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**WILLIAM BOSWORTH**                                                                  **PLAINTIFF**

vs.                                              No. 4:20-cv-3359

**SCHLUMBERGER TECHNOLOGY CORPORATION**                     **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff William Bosworth ("Plaintiff"), by and through his attorneys Daniel Ford and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint ("Complaint") against Defendant Schlumberger Technology Corporation ("Defendant"), he does hereby state and allege as follows:

### I.     PRELIMINARY STATEMENTS

1. Plaintiff makes this Complaint under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty (40) hours per week.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra.*

## II.   JURISDICTION AND VENUE

3. The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts complained of herein were committed and had their principal effect within the Houston Division of the Southern District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

5. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

6. The witnesses to the overtime violations reside in this District.

7. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

8. Venue is proper in this District. *See* 28 U.S.C. §§ 1391 (b) & (c).

## III.   THE PARTIES

9. Plaintiff is a citizen of the United States and a resident and domiciliary of the State of North Carolina.

10. Defendant is a domestic, for-profit corporation licensed to do business in the State of Texas with a corporate office at 1200 Enclave Parkway #MD322, Houston, Texas 77077.

11. Defendant's registered agent for service is Capitol Corporate Services, Inc., at 206 East Ninth Street, Suite 1300, Austin, Texas 78701.

12. Defendant maintains a website at https://www.slb.com/.

## IV. FACTUAL ALLEGATIONS

13. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

14. Plaintiff worked for Defendant from approximately September of 2018 through April of 2020 as a Field Supervisor.

15. Within the relevant time period, Plaintiff was classified by Defendant as a salaried employee, exempt from overtime wages.

16. Within the relevant time period, Plaintiff was also paid bonuses.

17. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

18. Defendant is a provider of oil and gas services including asset consulting services, carbon services, geothermal, and fiber-optic monitoring.

19. Defendant is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

20. During the relevant time, Defendant had at least two (2) employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce, such as hard hats, drilling equipment, pump equipment, lubricators, blow-out preventers, and various hand-tools.

21. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

22. At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid him wages and benefits, controlled his work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

23. Defendant was, at all times relevant hereto, Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

24. As a Field Supervisor, Plaintiff's duties included rebuilding tools, rigging up and rigging down.

25. During the course of his employment, Plaintiff did not manage the enterprise or a customarily recognized subdivision of the enterprise.

26. Plaintiff did not have the authority to hire or fire any other employee.

27. Plaintiff was not asked to provide input as to which employees should be hired or fired.

28. Plaintiff did not have control or authority over any employee's rate of pay.

29. Plaintiff did not maintain or prepare production reports or sales records for use in supervision or control of the business.

30. Plaintiff did not have responsibility for planning or controlling budgets.

31. Plaintiff did not exercise independent judgment as to matters of significance in carrying out his duties.

32. Plaintiff does not have a terminal degree in engineering or any other field of study.

33. Plaintiff was a classic blue-collar worker, spending physical, demanding, long shifts working on and with machinery at remote locations, and not in an office.

34. Plaintiff regularly worked more than forty (40) hours per week during the relevant time period.

35. Specifically, Plaintiff regularly worked over ninety (90) hours per week.

36. Defendant did not pay Plaintiff one and one-half (1.5) his regular rate for hours worked over forty (40) in a week.

37. Plaintiff worked for Defendant in various places in Texas, New Mexico Colorado, Utah, North Dakota, South Dakota, Wyoming and Alaska, and Defendant's pay practices were the same at all locations.

38. Within the time period relevant to this case, Plaintiff was misclassified as exempt from the overtime requirements of the FLSA.

39. At all relevant times herein, Defendant has deprived Plaintiff of sufficient overtime compensation for all of the hours he worked over forty (40) per week.

40. Defendant knew or showed reckless disregard for whether their actions violated the FLSA.

## V.   CAUSE OF ACTION
### (Violation of the FLSA)

41. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

42. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

43. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

44. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

45. 29 U.S.C. § 207 requires employers to pay employees overtime wages of 1.5x the regular rate of pay for all hours worked over forty (40) in each week, unless the employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

46. During the period relevant to this lawsuit, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

47. Despite the entitlement of Plaintiff to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over forty (40) in each one-week period.

48. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

49. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VI.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff William Bosworth respectfully prays that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant's practices alleged herein violate the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

B.  Judgment for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

C.  Judgment for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

D.  An order directing Defendant to pay Plaintiff prejudgment interest, a reasonable attorneys' fee, and all costs connected with this action; and

E.  Such other and further relief as may be deemed necessary, just and proper.

Respectfully submitted,

**PLAINTIFF WILLIAM BOSWORTH**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com